FILED
FEB 10 2014
USDC WP SDNY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
ANGELIQUE TOCCO,
individually and on behalf of a class,

        Plaintiff,

v.

REAL TIME RESOLUTIONS, INC.,

        Defendant.
----------------------------------------------------------x

COMPLAINT – CLASS ACTION

14 CV 0810

## INTRODUCTION

1.     Plaintiff Angelique Tocco brings this action to secure redress for unlawful collection practices engaged in by Real Time Resolutions, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue and personal jurisdiction in this District are proper because plaintiff received defendant's collection communication in this District.

## PARTIES

4.     Plaintiff Angelique Tocco is an individual who resides in a two-family home which she owns in Bronx, New York.

5.     Defendant Real Time Resolutions, Inc. is a Texas corporation with its principal offices at 1349 Empire Central Drive, Suite 150, Dallas, Texas 75247-4029. It does business in New York. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

6.     Real Time Resolutions, Inc. is engaged in the business of servicing residential mortgage loans.

7. Many of the loans which Real Time Resolutions, Inc. services are delinquent when Real Time Resolutions, Inc. first becomes involved with them.

8. Real Time Resolutions, Inc. holds itself out as a "special servicer," i.e., one which has expertise in handling delinquent loans and effectively integrating them onto its servicing platform.

9. Real Time Resolutions, Inc. uses the mails and telephone system in conducting its business.

10. Real Time Resolutions, Inc. is a debt collector as defined by the FDCPA.

## FACTS

11. Defendant has been attempting to enforce against plaintiff a residential mortgage loan entered into for personal, family or household purposes, namely, housing.

12. On or about July 31, 2013, defendant sent plaintiff the document attached as Exhibit A.

13. The document attached as Exhibit A was the first document which defendant sent to plaintiff.

14. On information and belief, based on its contents, the document attached as Exhibit A is a form document intended for use as the initial document which defendant sends to a borrower whose loan is transferred to it and is believed by defendant to be delinquent.

15. Real Time Resolutions, Inc. alleged or treated plaintiff's loan to be delinquent at the time of the transfer.

16. Exhibit A states that servicing of plaintiff's loan was transferred to Real Time Resolutions, Inc., effective July 26, 2013, which is the "transfer date."

17. Exhibit A purports to contain the disclosures required by 15 U.S.C. §1692g, and is the document which Real Time Resolutions, Inc., uses for the purpose of attempting to comply with 15 U.S.C. §1692g.

18. Exhibit A fails to comply with 15 U.S.C. §1692g because:

    a.    It requires that notice of any dispute be given within 30 days after the transfer date, a date which has already past, rather than within 30 days after receipt of Exhibit A.

    b.    It fails to disclose the current owner or creditor.

19.    Defendant did not send plaintiff any other document except Exhibit A prior to October 1, 2013.

20.    On October 1, 2013 Defendant sent Plaintiff the letter attached as Exhibit B.

21.    Exhibit B also fails to comply with 15 U.S.C. §1692g because:

    a.    it fails to disclose the amount of the debt;

    b.    it fails to identify the name of the creditor to whom the debt is owed.

    c.    it does not inform plaintiff of her right to dispute the debt.

## COUNT I

22.    Plaintiff incorporates paragraphs 1-21.

23.    Defendant failed to comply with 15 U.S.C. §1692g with respect to all persons sent documents in the form represented by Exhibit A.

24.    Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such**

3

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

25. Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

26. The class consists of (a) all individuals with addresses in New York (b) to whom Real Time Resolutions, Inc. sent documents in the form represented by Exhibit A (c) addressed

4

to the same address as the "property address," (d) with respect to a loan that Real Time Resolutions, Inc. claimed to be more than 30 days behind at the time Real Time Resolutions, Inc. began servicing it, according to the records of Real Time Resolutions, Inc., (e) which documents were sent any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

27. The class is so numerous that joinder of all members is not practicable. Based on Real Time Resolutions, Inc.'s size, there are more than 40 class members.

28. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's form documents violate the FDCPA.

29. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

31. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

  i. Statutory damages;

  ii. Attorney's fees, litigation expenses and costs of suit;

  iii. Such other and further relief as the Court deems proper.

## COUNT II

32. Plaintiff incorporates paragraphs 1-21.

33. Alternatively, if the Court concludes that <u>Exhibit A</u> is not an initial communication as defined by the FDCPA, plaintiff alleges that <u>Exhibit B</u> is the initial communication.

34. Defendant failed to comply with 15 U.S.C. §1692g with respect to all persons sent documents in the form represented by <u>Exhibit B</u>.

## CLASS ALLEGATIONS

35. Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

36. The class consists of (a) all individuals with addresses in New York (b) to whom Real Time Resolutions, Inc. sent documents in the form represented by <u>Exhibit B</u> (c) addressed to the same address as the "property address," (d) with respect to a loan that Real Time Resolutions, Inc. claimed to be more than 30 days behind at the time Real Time Resolutions, Inc. began servicing it, according to the records of Real Time Resolutions, Inc., (e) which documents were sent any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

37. The class is so numerous that joinder of all members is not practicable. Based on Real Time Resolutions, Inc.'s size, there are more than 40 class members.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's form documents violate the FDCPA.

39. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

41. A class action is superior for the fair and efficient adjudication of this matter, in

that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.    Statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other and further relief as the Court deems proper.

/s/ Abraham Kleinman

Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*Abraham Kleinman*

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

T:\29109\Pleading\Complaint Revised 12.20.13_Pleading.wpd

# EXHIBIT A



**REAL TIME RESOLUTIONS**

New York City Department of Consumer Affairs License Number 1077970

July 31, 2013

REDACTED

Solace Financial, LLC.
Loan#           0699
RTR Loan#       6847
Balance:        $84,562.89
Property Address:

ANGELIQUE A TOCCO

As of 07/31/2013:
Principal Balance:   $84,562.89
Accrued Interest:    $59,424.23
Fees:                $0.00
Credits:             $0.00
Total Balance:       $143,987.12

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you is being assigned, sold or transferred from your present servicer, Solace Financial, LLC. to a new servicer, Real Time Resolutions, Inc., effective 07/26/2013.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the collection of your payments. Please note that the above total balance may increase due to late charges, the accrual of interest on the unpaid principal balance, and other charges that may vary from day to day. For an updated balance, please contact us toll free at 1-877-469-7325.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing. In this case, all necessary information is combined in this one notice.

Your present servicer is Solace Financial, LLC. If you have any questions relating to the transfer of servicing from your present servicer, please contact the Customer Service Department at Solace Financial, LLC. at 1-888-765-2236 between the hours of 8:00 am - 5:00 pm Monday - Friday, Eastern Time.

Your new servicer will be Real Time Resolutions, Inc. The mailing addresses for your new servicer are as follows:

For Correspondence
REAL TIME RESOLUTIONS, INC.
P.O. Box 36655
Dallas, TX 75235-1655

For Payments
REAL TIME RESOLUTIONS, INC.
REAL TIME SCANNABLE
P.O. BOX 731940
Dallas, TX 75373-1940

If you have any questions relating to the transfer of servicing to your new servicer, please call the customer service department at Real Time Resolutions, Inc. at Toll-Free 1-877-469-REAL (7325). Representatives are available between 8:30 a.m. and 5:30 p.m. (Central), Monday through Friday.

Page 1 of 3

1349 Empire Central Dr. Suite 150, Dallas, TX 75247-4029
Main 877-469-7325 • Facsimile 214-599-6357 • www.RealTimeResolutions.com
Corporate Office Hours: Monday - Friday 8:30 AM - 5:30 Pm Central



New York City Department of Consumer Affairs License Number 1077970



July 31, 2013            RTR Loan#    6847

The date that your present servicer will stop accepting payments from you is July 29, 2013 12:00:00AM. The date that your new servicer will start accepting payments from you is July 26, 2013. Send all payments due on or after that date to your new servicer. If applicable, Mortgage Accidental Death, Life, Disability, or Option insurance will NOT remain a part of your monthly payment, AND you will need to make arrangements to pay the premium for these services directly to the insurer to prevent cancellation.

Please be advised that Real Time Resolutions, Inc. is considered to be a debt collector and this is an attempt to collect a debt. However, if you are currently in or have been discharged in bankruptcy, this letter is not an attempt to collect a debt. Please see next next page for more information.

### BANKRUPTCY DISCLOSURE

Please be aware that if you are currently in or have been discharged in bankruptcy, this letter is not an attempt to collect a debt. Moreover, in the event you are in or have been discharged in bankruptcy, this letter is not an attempt to foreclose on the real estate lien which still may encumber your home. This correspondence is solely for informational purposes and is intended to provide you with notification of the above referred transfer of collection, processing, and reporting duties. Due to your bankruptcy, you will not receive monthly billing statements unless Real Time Resolutions, Inc. receives a written request from you.

### REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of your loan servicing, a loan payment received by your old servicer Solace Financial, LLC. before its due date may not be treated by your new servicer as late, and a late fee may not be imposed on you.

Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than the notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to Real Time Resolutions, Inc. at P.O. Box 36655, Dallas, TX 75235.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payments related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

Page 2 of 3

1349 Empire Central Dr. Suite 150, Dallas, TX 75247-4029
Main 877-469-7325 • Facsimile 214-599-6357 • www.RealTimeResolutions.com
Corporate Office Hours: Monday - Friday 8:30 AM - 5:30 Pm Central



New York City Department of Consumer Affairs License Number 1077970

July 31, 2013　　　　　　　　　　　　　　　　　　　　　　　　　　RTR Loan#　　6847

### FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)

The following notices are required by the Fair Debt Collection Practices Act, and are primarily applicable to customers who are not in or have not been discharged in a bankruptcy:

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify Real Time Resolutions within 30 days after the transfer date that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

### REAL TIME RESOLUTIONS, INC.

Real Time Resolutions, Inc. specializes in the recovery and rehabilitation of secured and unsecured debts. Real Time offers a staff of highly trained professionals dedicated to the successful restructure and repayment of consumer debt and understands that circumstances arise that may cause our customers financial difficulty. We offer a variety of programs that may assist in resolving overwhelming debt. Depending on your personal and financial situation, you may qualify for one of the relief measures listed below:

Refinance - Short Sale - Modification - Forbearance - Settlement

Even if you don't feel one pertains to you, call Real Time Resolutions, Inc. so we can discuss your situation and your options.

Solace Financial, LLC. is pleased to have been of service to you in providing the financing for your home.
Real Time Resolutions, Inc. looks forward to continuing to provide the high level of service that you have come to expect.

Sincerely,

Solace Financial, LLC.
Customer Service Department
1-888-765-2236

Real Time Resolutions, Inc.
Customer Service department
877-469-REAL (7325)

> **IMPORTANT NOTICE REQUIRED BY LAW:**
> Federal law requires us to notify you that (a) Real Time Resolutions, Inc. is considered a debt collector, (b) this is an attempt to collect a debt and (c) any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

This loan was transferred to Real Time Resolutions, Inc. from Solace Financial, LLC. Any questions regarding this loan may be directed to E. C. Green by calling 1-877-599-7334.

Page 3 of 3

1349 Empire Central Dr. Suite 150, Dallas, TX 75247-4029
Main 877-469-7325 • Facsimile 214-599-6357 • www.RealTimeResolutions.com
Corporate Office Hours: Monday - Friday 8:30 AM - 5:30 Pm Central

# EXHIBIT B



New York City Department of Consumer Affairs License Number 1077970

October 1, 2013

ANGELIQUE A TOCCO

In Reference to:   Property Address:

   RTR Loan#:   6847

Dear ANGELIQUE A TOCCO:

As the servicer of your loan, it is our desire to work closely with you to create a solution for your past due account. Due to recent economic adversities, many customers have fallen behind on payments. However, there may be solutions for you to resolve this account.

You may be eligible for participation in the programs we offer:

1. **A Repayment Plan**
   Allows you to make affordable payments to catch up over several months
2. **A Modification:**
   Restructure your loan to bring you up to date and start making monthly payments customized for you.
3. **A Settlement of your loan:**
   Allows you to offer an amount less than what is fully owed to settle this debt.

Contact us today. We are available to assist you: Mon-Thu 7:00am - 9:00pm, Fri 7:00am - 6:00pm, Sat 7:00am - 2:00pm Central at 1-877-599-7334.

Sincerely,

Abeni Gregory

IMPORTANT NOTICE REQUIRED BY LAW: Federal law requires us to notify you that (a) Real Time Resolutions, Inc. is considered a debt collector, (b) this is an attempt to collect a debt and (c) any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

This loan was transferred to Real Time Resolutions, Inc. from Solace Financial, LLC. As of today, we show your total loan balance as $145880.60. Any questions regarding this loan may be directed to E.C. Green by calling 1-877-599-7334.

1349 Empire Central Dr. Suite 150, Dallas, TX 75247-4029
Toll Free 1-877-469-7325 * Facsimile: 1-214-599-6357
Hours of Operation: Corporate Office Hours: Monday-Friday 8:30AM - 5:30PM Central
www.RealTimeResolutions.com

# EXHIBIT C

# MONTHLY BILLING STATEMENT

**Real Time Resolutions, Inc.**
P.O. BOX 731940
DALLAS, TX 75373-1940
www.RealTimeResolutions.com

*Payment Coupon*

| | |
|---|---|
| Statement Date: | 10/11/2013 |
| Loan Number: | 6847 |
| PAYMENT DUE DATE: | 05/01/2008 |
| Total Payment(s) Due: | $62,923.72 |
| Other Unpaid Fees/Charges: | $0.00 |
| Credit(s): | $0.00 |
| Unpaid Late Charges: | $0.00 |
| Unpaid NSF Fees: | $0.00 |
| TOTAL DUE: | $62,923.72 |

ANGELIQUE A TOCCO

Indicate how you wish additional funds to be applied:
Apply $ _____ as _____

*Have an e-mail address? Let us know!*

--------------------------------------------------
(Cut Along Dotted Line and Return Top Portion Only)

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Real Time Resolutions, Inc.**

P.O. BOX 731940
DALLAS, TX 75373-1940

Borrower:    ANGELIQUE A TOCCO

MORTGAGE LOAN STATEMENT
Retain This Portion For Your Records

| | |
|---|---|
| LOAN NUMBER | 6847 |
| Statement Date: | 10/11/2013 |
| Principal Balance | $84,562.89 |
| Current Interest Rate | 13.00% |
| Suspense Balance | $0.00 |
| Monthly Payment | $939.16 |

*We now offer Western Union Quick collect, Phone Pay and Automatic Bank Draft options Call today for details*
***NEW! ONLINE PAYMENTS AT:*** https://paynow7.speedpay.com/realtime/index.asp

The principal balance is not the total amount required to pay your loan in full. If you wish to pay your loan in full, please call for a payoff statement to be sent to you. All balances and amounts due are as of the statement date.

### PAYMENT SUMMARY

| | | | |
|---|---|---|---|
| *Loan Number:* | 6847 | *Suspense Balance:* | $0.00 |
| *Last Payment Posted:* | | *Unpaid Late Charges:* | $0.00 |
| *Payment Due On:* | 05/01/2008 | *Unpaid NSF Fees:* | $0.00 |
| *Total Payments Due:* | $62,923.72 | *Total Amount Now Due:* | $62,923.72 |

Please note that the amounts above may not reflect ALL fees and late charges due.
This loan was transferred to Real Time Resolutions, Inc. from Solace Financial, LLC. Any questions regarding this loan may be directed to E. C. Green by calling 1-877-599-7334.

> **IMPORTANT NOTICE REQUIRED BY LAW:** Federal law requires us to notify you that (a) Real Time Resolutions, Inc. is considered a debt collector, (b) this is an attempt to collect a debt and (c) any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

Real Time Resolutions, Inc.        P.O. BOX 731940, DALLAS, TX 75373-1940        1-877-469-REAL (7325)