USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANGELIQUE TOCCO,                              :

            Plaintiffs,                    :          14cv810

      -against-                              :          MEMORANDUM & ORDER

REAL TIME RESOLUTIONS, INC.,                  :

            Defendant.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Angelique Tocco brings this putative class action against Defendant Real Time Resolutions, Inc. ("Real Time") seeking statutory damages for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Real Time moves to dismiss the Complaint for failure to state a claim and for lack of subject matter jurisdiction. For the reasons that follow, Real Time's motion is denied.

## BACKGROUND

        Real Time is a debt collector. (Compl. ¶ 10.) On July 31, 2013, Real Time sent Tocco a form letter (the "July 31 Letter") notifying her that servicing of her mortgage had been transferred to Real Time. (Compl. ¶¶ 12, 14.) The document "purport[ed] to contain the disclosures required by 15 U.S.C. § 1692g," (Compl. ¶ 17,) but Tocco alleges it was deficient in that it (i) did not disclose the current owner of the debt and (ii) required Tocco to give notice of dispute within thirty days of the transfer date rather than thirty days of receipt of the July 31 Letter. (Compl. ¶¶ 17–18.) On October 1, 2013, Real Time sent a second letter (the "October 1 Letter") advising her of options to resolve her past due account. Tocco alleges this letter also failed to comply with section 1692g because it (i) did not disclose the amount of the debt, (ii)

identify the creditor to whom the debt was owed, or (iii) inform Tocco of her right to dispute the debt. (Compl. ¶¶ 20–21.)

In February 2014, Tocco filed this action on behalf of herself and similarly situated New York residents, seeking statutory damages under the FDCPA. (Compl. at 7.) Tocco also filed a letter motion requesting a pre-motion conference in anticipation of moving for class certification. (See Letter Motion dated Feb. 21, 2014, ECF No. 4.)[1] Soon thereafter, Real Time made Tocco an offer of judgment for $1,100 plus reasonable costs and attorneys' fees. (See Decl. of Casey D. Laffey, ECF No. 21, Ex. B, at ¶ 1.) Tocco declined that offer. Real Time then moved to dismiss the Complaint.

## DISCUSSION

I. <u>Legal Standard</u>

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine plausibility, courts follow a "two-pronged approach." Iqbal, 556 U.S. at 679. "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679). On a motion to dismiss, courts

---

[1] Under this Court's individual rules, the letter request and pre-motion conference are required before a party may make a motion.

2

may consider "facts stated on the face of the complaint, in the documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

II.  Analysis

    A.  Real Time's Obligation to Send a Validation Notice

      15 U.S.C. § 1692g(a) requires that

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Real Time argues that it was not obligated to send a validation notice under the FDCPA because neither the July 31 Letter nor the October 1 Letter was an "initial communication" regarding Tocco's debt. Previously, Tocco filed suit against Real Time's

predecessor-in-interest, Solace Financial, over the same debt. See Tocco v. Solace Fin., No. 11 Civ. 3240 (JSR), ECF No. 1 (S.D.N.Y. May 12, 2011).[2]

"Courts are split on whether § 1692g applies to initial communications from each successive debt collector." Janetos v. Fulton, Friedman & Gullace LLP, No. 12 Civ. 1473 (TMD), 2013 WL 791325, at *4 (N.D. Ill. Mar. 4, 2013). Some take the view that there is only one "initial communication" to which section 1692g(a) applies, and a subsequent debt collector seeking to collect on the same debt need not supply a new notice. See, e.g., Nichols v. Byrd, 435 F. Supp. 2d 1101, 1107 (D. Nev. 2006); Senftle v. Landau, 390 F. Supp. 2d 463, 473 (D. Md. 2005); see also Huckfeldt v. BAC Home Loans Servicing, LP, No. 10 Civ. 1072 (MSK), 2011 WL 4502036, at *6 (D. Colo. Sept. 9, 2011); Paris v. Steinberg & Steinberg, 828 F. Supp. 2d 1212, 1222 (W.D. Wash. 2011); Oppong v. First Union Mortg. Corp., 566 F. Supp. 2d 395, 403 (E.D. Pa. 2008); Ditty v. Checkrite LTD, Inc., 973 F. Supp. 1320, 1329 (D. Utah 1997). Others have interpreted section 1962g(a) to require each successive debt collector to send a validation notice. See, e.g., Janetos v. Fulton, Friedman & Gullace LLP, No. 12 Civ. 1473 (TMD), 2013 WL 791325, at *5–6 (N.D. Ill. Mar. 4, 2013); Stair ex rel. Smith v. Thomas & Cook, 254 F.R.D. 191, 196–97 (D.N.J. 2008); Tipping-Lipshie v. Riddle, No. 99 Civ. 4646 (LDW), 2000 WL 33963916, at *3 (E.D.N.Y. Mar. 2, 2000).

"Because the FDCPA is 'remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.'" Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013). Reading the text broadly to effect the FDCPA's consumer-protective purpose, this Court holds that a debt collector must send a validation notice

---

[2] A copy of Solace's initial communication to her was attached to her complaint in that action. See Tocco v. Solace Fin., No. 11 Civ. 3240 (JSR), ECF No. 1 (S.D.N.Y. May 12, 2011).

4

under section 1692g(a) even if a prior debt collector already sent a notice regarding the same debt. This interpretation is consistent with the recommendations of the Federal Trade Commission[3] and forecloses some confusion a consumer might experience when faced with a successive debt collector. For example, a consumer who has challenged an initial debt collector to verify a debt may not realize she has the same right with respect to a subsequent collector. See Stair, 254 F.R.D. at 196–97. Alternatively, a subsequent collector may seek collection of a debt that has already been extinguished, see Janetos, 2013 WL 791325, at *5, making it all the more helpful for the second collector to identify the amount of the debt and the name of the creditor as required by section 1692g.

Because section 1692g applies to each creditor, Real Time was required to send a validation notice within five days of its initial communication with Tocco.

B.  The July 31 Letter as an Initial Communication

Real Time argues that its July 31 Letter was not subject to the FDCPA because it was a required notice under a different statute, the Real Estate Settlement Procedures Act ("RESPA"). The FDCPA applies to communications "in connection with the collection of any debt," 15 U.S.C. § 1692g(a), but Real Time contends its July 31 Letter was informational only. Although the letter identifies Real Time as a debt collector, provides FDCPA warnings, and proclaims itself "an attempt to collect on a debt," it does not explicitly demand payment. (See Compl. Ex. A, at 1–3.)

Several courts have embraced this distinction between informational letters and letters attempting to collect on a debt. In Hart v. FCI Lender Services, Inc., a debt collector's

---

[3] See, e.g., 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988) ("[A]n attorney who regularly attempts to collect debts by means other than litigation . . . must provide the required notice, even if a previous debt collector (or creditor) has given such notice.").

transfer-of-servicing letter was not subject to section 1692g, notwithstanding its advisement, "this is an attempt to collect upon a debt," because the letter "did not attempt to induce Plaintiff to make payment, but rather, . . . assume[d] that he w[ould] be making payments and direct[ed] where he should send them." No. 13 Civ. 6076 (CJS), 2014 WL 198337, at *6 (W.D.N.Y. Jan. 15, 2014). Likewise, in Thompson v. BAC Home Loans Servicing, a letter bearing a number of FDCPA-required notices was not subject to section 1692g because it did not "address the status of the Plaintiff's home mortgage loan, declare that it [was] in default, or demand any payment pursuant to such default." No. 09 Civ. 311 (TS), 2010 WL 1286747, at *6 (N.D. Ill. Mar. 6, 2010). But see Gburek v. Litton Loan Servicing, LP, 614 F.3d 380, 385 (7th Cir. 2010) ("[T]he absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt."). The Second Circuit does not appear to have weighed in on the question.

This Court reads the statute differently from the Thompson and Hart courts. The fact that a letter may have been a required informational notice under a separate statute does not prevent it from being an initial communication "in connection with the collection of [a] debt" under the FDCPA. "In connection with" is synonymous with the phrases "related to," "associated with," and "with respect to." Empire HealthChoice Assur., Inc. v. McVeigh, 396 F.3d 136, 157 (2d Cir. 2005). It is expansive. See Empire HealthChoice Assur., Inc., 396 F.3d at 157. It covers "communications that convey, directly or indirectly, any information relating to a debt." Foti v. NCO Financial Sys., 424 F. Supp. 2d 643, 657 (S.D.N.Y. 2006).[4] And it is

---

[4] In Foti, a debt collector's voicemail message, "while devoid of any specific information about any particular debt," was a "communication" under the FDCPA because the purpose of the call was to engage the listener on the subject of a debt. 424 F. Supp. 2d at 655–56 (S.D.N.Y. 2006).

6

broad enough to encompass a letter identifying a new debt collector, providing an address for future payments, and warning "[t]his is an attempt to collect on a debt and any information obtained will be used for that purpose." (Compl., Ex. A, at 3.)

At oral argument, Real Time expressed concern that such a reading of the FDCPA would risk bringing every communication between debt collector and debtor within its sweep. But it is not burdensome for a debt collector contacting a debtor in "an attempt to collect on a debt" to, at least that first time, include the full set of section 1692 notices or follow up with them in five days. To do otherwise risks confusing the debtor.

And if the July 31 Letter were not an "initial communication" under section 1692g, the October 1 Letter, which invites Tocco to contact Real Time about her past due account, (see Compl. Ex. B, at 1), certainly would be. In either case, Tocco states a claim that Real Time failed to comply with the FDCPA.

C.   Mootness

Rule 68 permits a defendant to "serve on an opposing party an offer to allow judgment on specific terms." Fed. R. Civ. P. 68(a). When an offer of judgment exceeds the amount the plaintiff could recover, the plaintiff's claim is moot. Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 78 (2d Cir. 2013). This rule has a complicated interaction with class actions. "[W]hen a court has already granted or denied class certification, mootness of the named plaintiff's personal claim does not render the entire action moot." Franco v. Allied Interstate, LLC, No. 13 Civ. 4053 (KBF), 2014 WL 1329168, at *3 (S.D.N.Y. Apr. 2, 2014) (citing U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980); Sosna v. Iowa, 419 U.S. 393, 394 (1975)). But "neither the Supreme Court nor the Second Circuit has ruled on the effect of a Rule 68 offer made prior to resolution of a Rule 23 . . . certification motion." Franco, 2014

WL 1329168, at *3. District courts in this Circuit are split on the question. See Isaacs v. Malen & Assocs., P.C., No. 13 Civ. 2386 (WHP), 2013 WL 4734904, at *1 (S.D.N.Y. Aug. 14, 2013) (quoting Morgan v. Account Collection Tech., LLC, No. 05 Civ. 2131 (KMK), 2006 WL 2597865, at *4 (S.D.N.Y. Sept. 6, 2006)). This Court previously refused to dismiss a putative class action for lack of jurisdiction where the defendant made its Rule 68 offer before the plaintiff could reasonably have been expected to file its class certification motion. Isaacs, 2013 WL 4734904, at *1. A contrary rule would risk "forcing a plaintiff to make a class certification motion before the record for such motion [was] complete" and "allow defendants to essentially opt-out of Rule 23 . . . by the mere service of a Rule 68 offer at the outset of the case." Isaacs, 2013 WL 4734904, at *1 (quoting Schaake v. Risk Mgmt. Alts., Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001)).

Here, Tocco requested permission to move for class certification before any Rule 68 offer was made. At a conference on May 23, 2014, this Court notified the parties that for purposes of this motion, it would treat Tocco's request as a motion for class certification. If a Rule 68 offer made before a plaintiff had a reasonable time to move for class certification could not moot a claim, then by extension a Rule 68 offer made after the plaintiff has moved for class certification should not do so.

Real Time asks this Court to follow Judge Forrest's recent decision in Franco v. Allied Interstate, LLC, which dismissed plaintiffs' claims notwithstanding a pending class certification motion. 2014 WL 1329168, at *5. Judge Forrest was persuaded that defendants' ability to "pick off" plaintiffs via Rule 68 offers was not a concern under the FDCPA. Franco, 2014 WL 1329168, at *5 ("[D]efendant here has offered to address plaintiff's harm and make plaintiff whole; other potential plaintiffs remain free to vindicate their rights in their own suits

despite the mootness of plaintiff's individual claim." (internal quotation marks and citations omitted)). But timing is a key consideration in analyzing Rule 68 offers. See Franco, 2014 WL 1329168, at *3 (noting that courts have been more comfortable dismissing putative class actions as moot where a Rule 68 offer has been made and the plaintiff has not moved for class certification). The plaintiff in Franco only moved for class certification after a Rule 68 offer had been made. Franco, 2014 WL 1329168, at *1. Tocco's claim stands on a different footing.

## CONCLUSION

For the above reasons, Tocco's claim is not moot, and Real Time's motion to dismiss is denied. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 18 and 20.

Dated: August 13, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Abraham Kleinman
Kleinman LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626

Tiffany Nicole Hardy
Edelman, Combs, Latturner & Goodwin, LLC
120 S. Lasalle Street, Suite 1800
Chicago, IL 60603
*Counsel for Plaintiffs*

Geoffrey Garrett Young
Casey Devin Laffey
Reed Smith LLP (NYC)
599 Lexington Avenue
New York, NY 10022
*Counsel for Defendant*