# EXHIBIT A

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
RADHA GEISMANN, M.D., P.C.,
on behalf of herself and others
similarly situated,

      Plaintiff,    14 Civ. 7009 (LLS)

  - against -      ORDER & JUDGMENT

ZOCDOC, INC.,

      Defendant.
- - - - - - - - - - - - - - - - - - X

  Plaintiff Radha Geismann, M.D., P.C., brings this putative class action against defendant ZocDoc, Inc. ("ZocDoc") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., alleging that ZocDoc sent her two unsolicited fax advertisements on July 24, 2012 and October 2, 2012 that did not contain the required opt-out notices.

  Geismann filed the Complaint in Missouri state court on January 10, 2014. Dkt. No. 4. On the same day, Geismann also filed a motion for class certification. Dkt. No. 5. Defendant ZocDoc removed this action to the District Court for the Eastern District of Missouri under its diversity jurisdiction on March 13, 2014, Dkt. 1, and made a Rule 68 offer of judgment to Geismann on March 27, 2014. Clark Dec. Ex. 1 at 3.

  On August 26, 2014, the Eastern District of Missouri

transferred this action to this district under 28 U.S.C. § 1404(a) and denied all pending motions as moot. Dkt. No. 32. Geismann filed an amended motion for class certification on August 28, 2014. Dkt. No. 36. ZocDoc moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that ZocDoc's offer of judgment mooted Geismann's claims.

On March 27, 2014, ZocDoc had sent to Geismann an offer of judgment pursuant to Fed. R. Civ. P. 68 for $6,000, plus reasonable attorneys' fees as determined by the Court. That offer related solely to Geismann's individual claim, and would also enjoin ZocDoc from sending advertisement faxes to Geismann's fax number in violation of the TCPA. Clark Decl. Ex. 1 at 3.

The monetary damages Geismann can recover individually under the TCPA for two unsolicited faxes she received on July 24, 2012 and October 2, 2012 are limited to $1,000, which could be trebled to not more than $3,000 if the Court finds that it was a willful and knowing violation. ZocDoc's offer of judgment not only adds Geismann's attorneys' fees, but is twice the trebled amount, and thus more than satisfies any recovery Geismann could make under the applicable statute.

Geismann has rejected that offer and says she will not accept it unless the offer is extended to each member of the class. Clark Decl. Ex. 2 at 1.

But Geismann's rejection of that offer is immaterial, for the offer makes available to her all of the relief to which she would be entitled if she won her case. In Doyle v. Midland Credit Mgt., Inc., 722 F.3d 78, 80 (2d Cir. 2013), dealing with a similar refusal, the Second Circuit held:

> Consequently, we agree with the district court that Doyle's refusal to settle the case in return for Midland's offer of $1,011 (plus costs, disbursements, and attorney's fees), notwithstanding Doyle's acknowledgement that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction.

Id. at 81. That is so because (among other things) ". . . [T]here is no justification for taking the time of the court and the defendant in the pursuit of claims which the defendant has more than satisfied." Id. at 80 (internal quotation marks and citation omitted); see also Comer v. Cisernos, 37 F.3d 775, 798 (2d Cir. 1994) ("[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot.") (citation omitted)[1]; Franco v. Allied Interstate LLC, 13

---

[1] Exceptions to the mootness doctrine, such as those discussed and applied in Comer, 37 F.3d at 798-801, have no

- 3 -

Civ. 4053, 2014 WL 1329168, at *5 (S.D.N.Y. Apr. 2, 2014) ("In this case, defendant here has offered to address plaintiff's harm and make plaintiff whole; other potential plaintiffs remain free to vindicate their rights in their own suits despite the mootness of plaintiff's individual claim.") (internal quotation marks and citation omitted).

In the Franco case, where the individual prospective class plaintiff refused the offer, Judge Forrest recognized some division between courts on the question, but held:

> As a general matter, "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." Comer, 37 F.3d at 798. The Court is mindful that several courts have nonetheless denied motions to dismiss actions as moot based on the "relation back" doctrine, which hinges on "transitory" circumstances. Those courts have also noted the Supreme Court's concern in Deposit Guar. Nat'l Bank. Jackson, Miss. v. Roper that defendants could "pick off" plaintiffs by offering judgment before class certification, thus frustrating the objective of class actions. See 445 U.S. 326, 340 (1980); see, e.g., Nasca, 2002 WL 31040647, at *2; White, 2001 WL 1590518, at *2-3; Schaake, 203 F.R.D. at 110.
>
> However, for substantially the same reasons as the Supreme Court stated in Genesis Healthcare Corp., [131 S.Ct. 1523 (2013),] the "relation back" doctrine and the "picking off" concern are inapposite here. In that case, the Court held that the respondent's collective action pursuant to the FLSA became moot when her individual claim became moot.

Franco, 2014 WL 1329168, at *4.

---

parallel here. There is no intervening plaintiff, and the claims are not so transitory that they cannot be sued on by any other injured plaintiff.

- 4 -

In Genesis Healthcare, the Supreme Court stated:

> While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all.

Genesis Healthcare, 133 S.Ct. at 1531 (emphasis in original).

The dismissal of Geismann's individual claim in no way impairs the ability of other actual or potential members of the proper class to seek appropriate recompense for any illegal calls they may have received, in proceedings other than this action.

ZocDoc's motion to dismiss of September 11, 2014 (Dkt. No. 44) is granted and this action is dismissed for lack of jurisdiction since there remains no case or controversy, Geismann's claim having been mooted by the amount and content of the Rule 68 offer made by ZocDoc.

As in Franco, the motion for class certification is denied because:

> In the absence of a claim against defendant, plaintiff cannot adequately represent the purported class. "[A] class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified." Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir. 1980). Accordingly, plaintiff's motion to certify a class is denied. See Comer, 37 F.3d at 798

("[I]f the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."); Ambalu, 198 F.R.D. at 395.

Franco, 2014 WL 1329168, at *5.

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is granted in favor of Plaintiff Radha Geismann and against Defendant ZocDoc, Inc. in the amount of $6,000.00, plus reasonable attorneys' fees as determined by the Court, related solely to Geismann's individual claim; and

2. Defendant is enjoined from sending any faxes to Plaintiff's fax number without proper opt-out notices in violation of 47 U.S.C. § 227.

## CONCLUSION

Accordingly, upon the entry of this judgment in accordance with the terms of the Rule 68 offer, there remains no case or controversy before the Court.

The Clerk is directed to close the case.

So ordered.

Dated:  New York, New York
        September 26, 2014

                                                 */s/ Louis L. Stanton*
                                                 LOUIS L. STANTON
                                                     U.S.D.J.