```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                 :

ANGELIQUE TOCCO, *individually*
*and on behalf of others similarly situated*,    :

                Plaintiff,         :                14cv810

           -against-               :

                                             MEMORANDUM & ORDER

REAL TIME RESOLUTIONS, INC.,        :

                Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Defendant Real Time Resolutions, Inc. ("Real Time") moves to certify this Court's August 13, 2014 Memorandum & Order ("August 13 Order")[1] for interlocutory appeal, and seeks a stay pending appeal. For the following reasons, Real Time's motion is denied.

## DISCUSSION

### I.   Legal Standard

        A district court may certify an order for interlocutory appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru, No. 08cv492 (WHP), 2009 WL 5177977, at *1 (S.D.N.Y. Dec. 15, 2009). "Interlocutory appeals are strongly disfavored in federal practice. Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of

---

[1] Tocco v. Real Time Resolutions, Inc., No. 14-cv-810, 2014 WL 3964948 (S.D.N.Y. Aug. 13, 2014).

avoiding appellate review until a final decision on the merits." Glatt v. Fox Searchlight Pictures Inc., No. 11 CIV. 6784 (WHP), 2013 WL 5405696, at *1 (S.D.N.Y. Sept. 17, 2013) (quoting In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)) (internal quotations and citations omitted). "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record.' Congress also sought to assure the prompt resolution of knotty legal problems." Weber v. United States, 484 F.3d 154, 159 (2d Cir. 2007) (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 864 (2d Cir. 1996)) (alterations and omission in original).

II.     Controlling Questions of Law with Substantial Ground for Disagreement

"[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990) (citations omitted). In denying Real Time's motion to dismiss, this Court held:

1. A debt collector must send a validation notice in an initial communication with a debtor under Section 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA") even if a prior debt collector already sent a notice regarding the same debt;

2. Informational letters sent to debtors pursuant to the Real Estate Settlement Procedures Act ("RESPA") must also comply with the FDCPA's requirement to include a validation notice where the communication is made in connection with the collection of a debt;[2] and

---

[2] A similar issue is on appeal in Hart v. FCI Lender Services, Inc., No. 14-191 (2d Cir. filed Jan. 27, 2014). The district judge in Hart concluded that a letter sent to a debtor under RESPA was not subject to the FDCPA. Hart v. FCI Lender Servs., Inc., No. 13-CV-6076 CJS, 2014 WL 198337, at *7 (W.D.N.Y. Jan. 15, 2014). The Second Circuit heard argument on August 27, 2014 and the decision is sub judice. The defendant in Hart distinguished that case from this one by explaining that the RESPA letter in Tocco included the borrower's principal balance, accrued interest, and total balance. That information was absent from the letter in Hart. Moreover, the defendant pointed out this Court's alternative holding that even if the initial letter was not an "initial communication," the follow up letter certainly was. See generally Appellee's FRAP 28(j) Letter, Hart v. FCI Lender Services, Inc., No. 14-191 (2d Cir. Aug. 18, 2014), ECF No. 64-1.

      3. A putative FDCPA class action is not mooted by a Rule 68 offer of judgment where the offer of judgment was made after a motion for class certification but before a class is certified.[3]

Tocco v. Real Time Resolutions, Inc., No. 14-cv-810, 2014 WL 3964948, at *3-5 (S.D.N.Y. Aug. 13, 2014). Each of these three grounds implicates a controlling question of law. Reversal on any one could result in dismissal of this action. And, as this Court acknowledged, there is room for substantial disagreement on these three questions as district courts have splintered in attempts to resolve each one. See Tocco, 2014 WL 3964948, at *2-4. Therefore, the August 13 Order involves controlling questions of law as to which there are substantial grounds for differences of opinion. But the inquiry does not end there.

III.    Material Advancement of the Termination of Litigation

      To warrant certification, this Court must also determine that early appellate review of the August 13 Order has the potential to materially advance the final termination of this litigation. This is the "most important" factor of the Section 1292(b) test. Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, No. 11cv5968 (CM), 2012 WL 2952929, at *8 (S.D.N.Y. July 18, 2012) (citation omitted). And in evaluating this factor, courts must consider the institutional efficiency of both the district court and the appellate court. In re Currency Conversion Fee Antitrust Litig., M 21-95 (WHP), 2005 WL 1871012, at *3 (S.D.N.Y. Aug. 9, 2005). "Balancing these efficiencies, the benefit to the district court of obviating needless trial time must outweigh the inefficiency to the Court of Appeals in hearing multiple appeals in the

---

[3] A similar issue is on appeal in Franco v. Allied Interstate, LLC, No. 14-1464 (2d Cir. filed May 12, 2014) and oral argument is scheduled for March 4, 2015. This Court distinguished Franco in its ruling: "The plaintiff in Franco only moved for class certification after a Rule 68 offer had been made." Tocco, 2014 WL 3964948, at *5. Because Tocco moved for class certification before any Rule 68 offer was made, "Tocco's claim stands on a different footing." Tocco, 2014 WL 3964948, at *5.

3

same case." In re Currency Conversion, 2005 WL 1871012, at *3 (citing Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991)).

Real Time argues that an interlocutory appeal would promote judicial economy because both Real Time and Tocco "agree that the significant costs associated with class-wide litigation are prohibitive and may prove unnecessary if the appeal is resolved in Defendant's favor." (Def. Reply 2.) In support, Real Time cites to judicial decisions that considered how early appellate review might obviate "protracted and expensive litigation." See, e.g., In re Lloyd's Am. Trust Fund Litig., No. 96cv1262 (RWS), 1997 WL 458739, at *3 (S.D.N.Y. Aug. 12, 1997) (quoting Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172 (S.D.N.Y. 1987)). But those authorities recognize that certification is "only warranted in 'exceptional cases'" even in the face of protracted and expensive litigation. See, e.g., In re Lloyd's Am. Trust Fund Litig., 1997 WL 458739, at *3 (quoting Telectronics, 690 F. Supp. at 172) ("Indeed, this court has granted only two out of twenty-three such motions in reported opinions over the past eighteen years."); Dev. Specialists, 2012 WL 2952929, at *9 (granting certification but noting that "this is the rare case where an interlocutory appeal is appropriate"). This is not an exceptional case.

Indeed, the authorities Real Time cites underscore why early appellate review should not occur here. Certification is appropriate where the potential wasted resources at stake—of both the court and the parties—are exponentially more significant than those at stake in this case. See, e.g., Dev. Specialists, 2012 WL 2952929, at *4 (granting certification and noting reversal would mean "at least eight of the thirteen adversary proceedings before me would immediately have to be dismissed" and "eight of the Firms can stop litigating" altogether); APCC Servs., Inc. v. AT&T Corp., 297 F. Supp. 2d 101, 103 (D.D.C. 2003) (granting

4

certification for interlocutory appeal where "several other" cases before the court presented the same initial question as to whether federal statute conferred a private right of action); see also In re Lloyd's Am. Trust Fund Litig., No. 96 CIV. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) ("Because the district court's efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases."). Certification may also be warranted where reversal would require retrial or a different forum. See, e.g., Telectronics, 690 F. Supp. at 176 ("Certification will eliminate the possibility of a time-consuming and expensive retrial due to attorney disqualification following a trial on the merits."); In re Lloyd's, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (granting certification where reversal of the opinion as to the enforceability of the forum selection clauses would result in dismissal of "complex consolidated" case in favor of English forum).

In sum, Real Time has not demonstrated that appellate review would materially advance the termination of this action. That there are two appeals pending involving "substantially common" issues means "[a]n interlocutory appeal in this case would accelerate nothing." Auscape Int'l v. Nat'l Geographic Soc'y, 306 F. Supp. 2d 360, 363 (S.D.N.Y. 2004). While one issue in this action will not be addressed in the pending appeals—whether successive debt collectors must send validation notices—Real Time does not advance a sound basis for early review. Piecemeal appellate review of the successive collector issue would only prolong this case.

That Tocco would consent to a stay while the appeals in Hart and Franco are pending is irrelevant. A trial court is not a waiting room. This Court declines to stay this litigation.

## CONCLUSION

For the foregoing reasons, Real Time Resolutions, Inc.'s motion for certification of this Court's August 13, 2014 Memorandum & Order and stay pending appeal is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 48.

Dated: March 4, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

Abraham Kleinman
Kleinman LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626

Cathleen M. Combs
Tiffany Nicole Hardy
Edelman, Combs Latturner & Goodwin, LLC
120 S. LaSalle Street
18th Floor, Suite1800
Chicago, IL 60603
*Counsel for Plaintiff*

Geoffrey Garrett Young
Casey Devin Laffey
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
*Counsel for Defendant*